1  CLINT D. ROBISON (SBN 158834)
   MICHAEL I. KESSLER (SBN 137204)
2  **O'HAGAN MEYER**
   21550 Oxnard Street, Suite 1050
3  Woodland Hills, CA, 91367
   Telephone:  (213) 306-1610
4  Facsimile:  (213) 306-1615

5  Attorneys for Defendant,
6  HOUSE FOODS AMERICA CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| IRVING CARLOS ZUNIGA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOUSE FOODS AMERICA CORPORATION, a California corporation; HOUSE FOODS HOLDING USA, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.  8:22-cv-372<br><br>**NOTICE OF REMOVAL OF STATE COURT ACTION PURSUANT TO 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**<br><br>From the Superior Court of the State of California, County of Orange, Case No. 30-2021-01226490-CU-OE-CXC |

1

**NOTICE OF REMOVAL**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS AND THEIR ATTORNEYS**:

**PLEASE TAKE NOTICE** that defendant HOUSE FOODS AMERICA CORPORATION ("HFAC") hereby removes this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California, Southern Division.

As required by 28 U.S.C. §1446(d), Defendant, HFAC, will file in Superior Court and serve upon plaintiff IRVING CARLOS ZUNIGA ("Plaintiff") and his counsel of record a Notice to State Court and Adverse Party of Removal of Civil Action to Federal Court (with these removal papers attached).

Defendant, HFAC, is entitled to remove this action to federal court pursuant to 28 U.S.C. § 1441 based on the following:

**I.      COMMENCEMENT OF THE STATE COURT ACTION**

1.    On October 15, 2021, Plaintiff, IRVING CARLOS ZUNIGA ("Plaintiff"), filed a putative class action in the Superior Court of the State of California for the County of Orange, captioned *Irving Carlos Zuniga v. House Foods America Corporation; a California Corporation; House Foods America Holding USA, Inc., a California Corporation and DOES 1 through 100*, No. 30-2021-01226490-CU-OE-CXC (the "State Court Action"). A true and complete copy of the complaint in the State Court Action is attached hereto as **Exhibit "A"** (the "Complaint") (See Robison Decl. ¶ 2.)

2.    The State Court issued Summons in the State Court Action. A true and complete copy of the Summons issued by the above-referenced state court is attached as **Exhibit "B."** A true and complete copy of the Civil Case Cover Sheet is attached hereto as **Exhibit "C."** (See Robison Decl. ¶ 3.)

3.    HFAC received a copy of the Complaint and a summons from the State Court Action on February 7, 2022. (See Robison Decl. ¶ 4.)

**II.     STATEMENT OF JURISDICTION**

4. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff brings this action for violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§1681 *et seq.*, which "arises under the Constitution, laws or treaties of the United States." See 28 U.S.C. § 1331. A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Specifically, jurisdiction is present because Plaintiff has alleged a claim under the FCRA, 15 U.S.C. §§1681(b)(2)(A) and 1681d(a), which presents a federal question and is one which may be removed to this Court by HFAC pursuant to 28 U.S.C. § 1441(a). (See Robison Decl. ¶ 5; Compl. ¶ 27.)

5. Plaintiff has also made state court claims under the California Investigative Consumer Reporting Agencies Act ("ICRAA") and Consumer Credit Reporting Agencies Act ("CCRAA") arising from the same factual allegations as the FCRA claims (See Robison Decl. ¶ 7; compare Compl. ¶ 32 with Compl. ¶¶ 41-2 and ¶ 51.) Plaintiff's state court claims may be brought with the District Court's jurisdiction pursuant to 28 U.S.C. § 1367(a). "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Because the Court has original jurisdiction over Plaintiff's claim under the Fair Credit Reporting Act, it may also exercise supplemental jurisdiction over Plaintiff's related claims under the ICRAA and CCRAA. 28 U.S.C. § 1367. (See Robison Decl. ¶ 5.)

/ / /

**III.     VENUE**

6. Plaintiff originally filed this action in the Superior Court of California,

for the County of Orange. Venue is thus proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action is pending. (See Robison Decl. ¶ 6.)

## IV. PROCEDURAL REQUIREMENTS

7. Plaintiff's state law claims under the ICRAA and CCRAA are based on the same factual allegations supporting its federal claim under the Fair Credit Reporting Act. (See Robison Decl. ¶ 7.) Specifically, all three causes of action are based on Plaintiff's contention that Defendants procured consumer reports for employment purposes without providing Plaintiff with a "clear and conspicuous disclosure" made in writing along with obtaining Plaintiff's authorization. (See Robison Decl. ¶ 7; Compl. ¶¶ 32, 41, 51.) The state law claims are so related to the FCRA claim that they form part of the same case or controversy about the purported failure of Defendants providing legally compliant disclosure and authorization forms to Plaintiff. (See Robison Decl. ¶ 7.) Accordingly, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. The Plaintiff in this case is Irving Carlos Zuniga. Plaintiff is a resident of California and is domiciled in California, and therefore, is a citizen of the State of California. (See Robison Decl. ¶ 8; Compl. ¶ 2.)

9. The only named Defendants in this case, House Foods America Corporation and House Foods Holding USA, Inc., are corporations organized and existing under and by virtue of the laws of the State of California and doing business in the County of Orange, State of California. (See Robison Decl. ¶ 9; Compl. ¶ 4.)

## V. NOTICE OF REMOVAL IS TIMELY

10. Plaintiff attempted to serve Defendant House Foods America Corporation. (See Robison Decl. ¶ 4.) HFAC received a copy of the summons and complaint on February 7, 2022. See *Id.* In accordance with 28 U.S.C. § 1446(b)(1), HFAC filed this removal action within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim

for relief upon which such action or proceeding is based." The removal is, therefore, timely. *Madren v. Belden, Inc.*, No. 12-CV-01706-RMW, 2012 WL 2572040, at *2 (N.D. Cal. July 2, 2012), citing *Murphy Bros., Inc., v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999) ("Formal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30-day removal period because it 'assures defendants adequate time to decide whether to remove an action to federal court.'")

11.   Furthermore, Defendant House Foods Holding USA, Inc. has not signed/joined this instant notice of removal because it was not served at all. See *P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Insurance Co.*, 395 F.2d 546, 548 (" '(W)here the suit involves multiple defendants and one or more of the defendants does not join in the petition, better practice dictates that the petition expressly indicate why, e.g., that he is a nominal party or was not served ....' ") (quoting 1A Moore's Federal Practice P 0.168 (3.-4)).

## VI.   COMPLIANCE WITH 28 U.S.C. § 1446

12.   This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and a copy of all process, pleadings, and orders on record in the State Court Action is attached hereto as **Exhibits A-C**.

13.   This Notice of Removal was filed within the period prescribed by 28 U.S.C. § 1446(b) and (c)(1)—i.e., within thirty days of receipt or service of the Complaint and summons on Defendant House Foods America Corporation, and within one year of the commencement of the State Court Action.

14.   Concurrently with the filing of this Notice (or promptly thereafter), Defendant House Foods America Corporation will give written notice to Plaintiff and will file a copy of this Notice with the clerk of the Superior Court of the State of California for the County of Orange.

15.   Defendant, HFAC, does not waive, and expressly preserves, all objections, defenses, and exceptions authorized by law, including but not limited to

those permitted pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure.

DATED: March 9, 2022                **O'HAGAN MEYER**

By: _/s/_
CLINT D. ROBISON
MICHAEL I. KESSLER
Attorneys for Defendant,
HOUSE FOODS AMERICA CORPORATION