**BIBIYAN LAW GROUP**
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Noor Kurdi (SBN 304220)
*noor@tomorrowlaw.com*
Diego Aviles (SBN 315533)
*diego@tomorrowlaw.com*
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555; Fax: (310) 300-1705

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 877-619-8966
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

Attorneys for Plaintiff, IRVING CARLOS ZUNIGA
on behalf of himself and all others similarly situated

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVING CARLOS ZUNIGA, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HOUSE FOODS AMERICA CORPORATION, a California corporation; HOUSE FOODS HOLDING USA INC., a California corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.:   8:22-cv-00372-CJC-JDE <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** <br><br> 1. VIOLATION OF THE FAIR CREDIT REPORTING ACT; and <br><br> 2. VIOLATION OF THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT. <br><br> **DEMAND FOR JURY TRIAL** <br><br> [Amount in Controversy Exceeds $25,000] |

COMES NOW plaintiff IRVING CARLOS ZUNIGA ("Plaintiff"), on behalf of himself and all others similarly situated, and alleges as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1. This is a Class Action, pursuant to Code of Civil Procedure section 382 against HOUSE FOODS AMERICA CORPORATION, a California corporation, and any of its respective subsidiaries or affiliated companies ("HOUSE FOODS"), and collectively with DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiff and all other current, former, or prospective employees of Defendants ("Class Members") for, among other things, alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

## PARTIES

### A. Plaintiff

2. Plaintiff, IRVING CARLOS ZUNIGA, is a resident of the State of California. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges that Defendants employed Plaintiff as an employee. Plaintiff applied for work with Defendants in or about January of 2020 and stopped working for Defendants in or about March 2021.

3. Plaintiff is a natural person, and at all times relevant to this Complaint was a "consumer" as defined by the Fair Credit Reporting Act, at 15 U.S.C. § 1681a and the Investigative Consumer Reporting Agencies Act ("ICRAA"), at Civ. Code § 1786.2(b).

### B. Defendants

4. Plaintiff is informed and believes and based thereon alleges that defendant HOUSE FOODS AMERICA CORPORATION is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of California and doing business in the County of Orange, State of California.

5. Plaintiff is informed and believes Defendants are "persons" as those terms are defined under the FCRA at 15 U.S.C. § 1681a(b) and under the ICRAA at Civ. Code § 1786.2(a).

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to

Law Offices
COHEN & LORD
A Professional Corporation
4720 Lincoln Boulevard, Suite 200
Marina del Rey, CA  90292-6977
(310) 821-1163

ADMIN10.001/245315.1

Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include HOUSE FOODS, and any of their parent, subsidiary, or affiliated companies within the State of California, as well DOES 1 through 100 identified herein.

## JOINT LIABILITY ALLEGATIONS

7.   All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

8.   Plaintiff is informed and believes that Defendants' policies regarding the disclosures, authorizations, background checks, and consumer reports mentioned herein were done for the benefit of all Defendants, and at times, expressly named in said disclosures, authorizations, background checks, and consumer reports. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are jointly liable for the violations that form the basis of this complaint.

Law Offices
COHEN & LORD
A Professional Corporation
4720 Lincoln Boulevard, Suite 200
Marina del Rey, CA  90292-6977
(310) 821-1163

ADMIN10.001/245315.1

**JURISDICTION**

9. Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

10. Venue is proper in Orange County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, Orange County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiff and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiff and Defendants was actually performed; the unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the county and the State of California, and because Defendants employ numerous Class Members in Orange County and the State of California.

**FACTUAL BACKGROUND**

11. Plaintiff is informed and believes, and based thereon alleges that on or about January of 2020, Defendants purported to provide consumer report disclosures and requested from Plaintiff authorization to procure (investigative) consumer reports and background checks for employment purposes.

12. Plaintiff is informed and believes and based thereon alleges that on or around January 2020, Defendants, procured a consumer report from PeopleG2 about Plaintiff as part of an employment background screening without providing Plaintiff with the appropriate, applicable disclosures and without the appropriate, applicable authorization in compliance with state and federal laws.

13. Plaintiff is informed and believes and based thereon alleges that Defendants did not provide legally compliant disclosure and authorization forms to Plaintiff and Class Members as they failed to contain, among other things, a "clear and conspicuous" disclosure, made in writing prior to the report being procured or caused to be procured, in a document that consisted "solely" of the disclosure, that a consumer report may be obtained for employment purposes as well as an

Law Offices
COHEN & LORD
A Professional Corporation
4720 Lincoln Boulevard, Suite 200
Marina del Rey, CA 90292-6977
(310) 821-1163

ADMIN10.001/245315.1

authorization, in writing, for the procurement of the report, which are in violation of 15 U.S.C. §§ 1681b(b)(2)(A) and 1681d(a).  Specifically, Plaintiff is informed and believes the disclosures did not comply as a result of, without limitation: including superfluous information within the disclosure, such as identifying information of third-party consumer reporting agencies, which may not have been the reporting agencies used to obtain or procure the consumer report for Plaintiff and Class members from a surplusage of other states; and/or failing to obtain proper authorization before procuring a consumer report, including by either obtaining consumer reports without authorization or when such authorization had expired.  Furthermore, Defendants' disclosures included state-specific disclosures and authorizations for applicants form New York, New York City, Washington, Minnesota, and Oklahoma, violating the requirement that the authorization consist "solely" of the disclosure. A true and correct copy of the applicable disclosure documents are attached hereto as **Exhibit A**.

14. Plaintiff is informed and believes and based thereon alleges that Defendants did not provide legally compliant disclosure and authorization forms to Plaintiff and Class Members as they failed to contain, among other things, a "clear and conspicuous" disclosure in writing to Plaintiff and Class Members at any time before the report is or was procured or caused to be made in a document that consisted solely of the disclosure, that: an investigative consumer report may be obtained; identified the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation; notified Plaintiff and Class Members in writing of the nature and scope of the investigation requested, including a summary of the provisions of Civ. Code § 1786.22; and notified Plaintiff and Class Members of the internet web site of the investigative consumer reporting agency, or, if the agency had no internet web site address, the telephone number of the agency where Plaintiff and Class Members may find information about the investigative reporting agency's privacy practices, including whether Plaintiff and Class Member's personal information will be sent outside of the United States or its territories and information that complies with subdivision (d) of Section 1786.22.

Law Offices
COHEN & LORD
A Professional Corporation
4720 Lincoln Boulevard, Suite 200
Marina del Rey, CA  90292-6977
(310) 821-1163

ADMIN10.001/245315.1

15. Plaintiff is further informed and believes, and based thereon alleges, that Defendants routinely acquire consumer, investigative and/or consumer credit reports (referred to collectively as "background checks") to conduct back ground checks as described herein on Plaintiff and other prospective, current and former employees and use information from the background checks without providing proper disclosures and obtaining proper authorization in compliance with the law, including Civil Code § 1785 *et seq.* (the "Consumer Credit Reporting Agencies Act" or the "CCRAA").

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action on behalf of himself and all others similarly situated, as a class action pursuant to Code of Civil Procedure section 382. Plaintiff seeks to represent a class of all current, former, and prospective employees of Defendants who applied for a position with Defendants and had a background check performed beginning five (5) years preceding the filing of Plaintiff's complaint up until the date that final judgment is entered in this action (collectively referred to as "Class Members").

17. Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

18. This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A. Numerosity

19. The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are at least seventy-five (75) Class Members within the State of California.

20. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the

Law Offices
COHEN & LORD
A Professional Corporation
4720 Lincoln Boulevard, Suite 200
Marina del Rey, CA  90292-6977
(310) 821-1163

ADMIN10.001/245315.1

proposed Class is not practicable.

**B. <u>Commonality</u>**

21. There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

    (a) Whether Defendants failed to comply with the requirements of the FCRA under 15 U.S.C. § 1681, *et seq.*, including by failing to include the proper disclosures and proper authorizations required by law?

    (b) Whether Defendants failed to comply with the requirements of the ICRAA under California Civil Code section 1786, *et seq.*, including by failing to include the proper disclosures and proper authorizations required by law?

    (c) Whether Defendants failed to comply with the requirements of the Consumer Credit Reporting Agencies Act under California Civil Code section 1785 *et seq.*, including by failing to include the proper disclosures and proper authorizations required by law?

    (d) Whether Defendants willfully failed to comply with the FCRA?

    (e) Are Class Members entitled to costs and attorneys' fees?

    (f) Are Class Members entitled to actual damages?

    (g) Are Class Members entitled to punitive damages?

    (h) Are Class Members entitled to interest?

**C. <u>Typicality</u>**

22. The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D. <u>Adequacy of Representation</u>**

23. Plaintiff will fairly and adequately represent and protect the interest of Class Members. Counsel who represents Plaintiff is competent and experienced in litigating class

Law Offices
COHEN & LORD
A Professional Corporation
4720 Lincoln Boulevard, Suite 200
Marina del Rey, CA 90292-6977
(310) 821-1163

ADMIN10.001/245315.1

actions and has no interests adverse to, or otherwise conflict with, the interests of the absent Class Members.

### E. Superiority of Class Action

24. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members. Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' illegal policy and/or practices, that have resulted in the violation of state and federal statutory authority.

25. Class action treatment will allow those similarly situated to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

**(Violation of the Fair Credit Reporting Act – Against All Defendants)**

26. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

27. Defendants are "persons" as defined by section 1681a(b) of the FCRA;

28. Plaintiff and Class Members are "consumers" within the meaning of Section 1681a(c) of the FCRA because they are "individuals."

29. Pursuant to 15 U.S.C. section 1681b(b)(2)(A), an employer may not procure, or cause to be procured, consumer reports for employment purposes without providing the [employee] with "a clear and conspicuous disclosure… made in writing… in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes" and which the consumer has "authorized in writing" the procurement of the report by that person.

30. Pursuant to FCRA, a company's inclusion of extraneous information relating to various state disclosure requirements violates FCRA's standalone document requirement. *Gilberg*

Law Offices
COHEN & LORD
A Professional Corporation
4720 Lincoln Boulevard, Suite 200
Marina del Rey, CA 90292-6977
(310) 821-1163

ADMIN10.001/245315.1

*v. California Check Cashing Stores, LLC, 913 F. 3d 1169.* Offending language includes language that is not necessary to clearly and conspicuously advise an applicant or employee of FCRA rights, should be excluded.

31. 15 U.S.C. section 1681d(a)(1)(B) further provides that an employer may not procure or cause to be prepared an investigative consumer report on any consumer unless it is "clearly and accurately disclosed to the [employee] that an investigative consumer report… may be made and such disclosure includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to section 1681g(c) of this title."

32. Plaintiff is informed and believes, and based thereon alleges, that during the relevant time periods alleged herein, Defendants have, at times, obtained and used information in consumer reports to conduct background checks on prospective and existing employees which failed to comply with the "standalone" document and "clear and conspicuous" requirements under the FCRA because they, among other things, included superfluous information within the disclosure, such as identifying information of a third party consumer reporting agency, which may not have been the reporting agency used to obtain or procure the consumer report for Plaintiff and Class Members and/or failed to obtain proper authorization before procuring a consumer report, including by either obtaining consumer reports without authorization or when such authorization had expired. Specifically, Defendants authorization forms included detailing information applicable to New York State, New York City, Washington State employees, Minnesota State, and Oklahoma State applicants. Defendants authorization forms also include information about

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants' violations of the FCRA were willful. Defendant knew or should have known about its obligations under the FCRA as a result of the plain language of the statutes.

34. Plaintiff, on behalf of himself and Class Members, seeks all statutory remedies

Law Offices
COHEN & LORD
A Professional Corporation
4720 Lincoln Boulevard, Suite 200
Marina del Rey, CA 90292-6977
(310) 821-1163

ADMIN10.001/245315.1

available under the FCRA, including statutory penalties, actual damages, punitive damages, and attorneys' fees and costs pursuant to, without limitation, 15 U.S.C. §§ 1681n and 1681o.

## SECOND CAUSE OF ACTION

### (Violation of the Cal. Investigative Consumer Reporting Agencies Act – Against All Defendants)

35. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

36. At all relevant times, Plaintiff and Class Members were current, former, and prospective employees of Defendants covered by the California Investigative Consumer Reporting Agencies Act, California Civil Code section 1786 *et seq.* ("ICRAA").

37. Plaintiff is informed and believes that Plaintiff and Class Members are "consumers" within the meaning Section 1786.2(b) of the ICRAA, because they are "individuals."

38. Section 1786.2(c) of the ICRAA defines an "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

39. Plaintiff is informed and believes that Defendants obtained background checks from Plaintiff and Class Members, which qualify as an "investigative consumer report" under the ICRAA.

40. Section 1786.16(a)(2) of the ICRAA provides, in relevant part, that "[i]f, at any time, an investigative consumer report is sought for employment purposes… the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

"(A) The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12.

(B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure…" that, among other things, an investigative report may be obtained; identifies the name, address, and telephone number of the investigative consumer reporting agency

Law Offices
COHEN & LORD
A Professional Corporation
4720 Lincoln Boulevard, Suite 200
Marina del Rey, CA  90292-6977
(310) 821-1163

ADMIN10.001/245315.1

conducting the investigation; notifies the consumer in writing of the nature of the scope of the investigation, including a summary of the provision of section 1786.22; and notifies the consumer of the internet website address of the investigative consumer reporting agency or the address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside of the United States or its territories and information that complies with subdivision (d) of section 1786.20.

(C) The consumer has authorized in writing the procurement of the report.

41. Plaintiff is informed and believes and based thereon alleges that the plain language of the statute indicates that the inclusion of extraneous information in a disclosure form violates the disclosure and authorization requirements of the ICRAA, because such a form would not consist "solely" of the disclosure and that the notice provided be "clear and conspicuous." Additionally, section 1786.16 requires that the consumer authorize in writing the procurement of the report.

42. Pursuant to ICRAA, a company's inclusion of extraneous information relating to various state disclosure requirements violates ICRAA's standalone document requirement. *Gilberg v. California Check Cashing Stores, LLC*, 913 F. 3d 1169. Offending language includes language that is not necessary to clearly and conspicuously advise an applicant or employee of ICRAA rights, should be excluded.

43. Plaintiff is informed and believes that during the relevant time periods alleged herein, Defendants have, at times, failed to make a "clear and conspicuous" disclosure in writing to Plaintiff and Class Members at any time before the report is or was procured or caused to be made in a document that consists solely of the disclosure, that: an investigative consumer report may be obtained; identified the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation; notified Plaintiff and Class Members in writing of the nature and scope of the investigation requested, including a summary of the provisions of Civ. Code § 1786.22; and notified Plaintiff and Class Members of the internet web site of the investigative consumer reporting agency, or, if the agency had no internet web site address, the telephone number of the agency where Plaintiff and Class Members may find

Law Offices
COHEN & LORD
A Professional Corporation
4720 Lincoln Boulevard, Suite 200
Marina del Rey, CA  90292-6977
(310) 821-1163

ADMIN10.001/245315.1

information about the investigative reporting agency's privacy practices, including whether Plaintiff and Class Member's personal information will be sent outside of the United States or its territories and information that complies with subdivision (d) of Section 1786.22.

44. Plaintiff is informed and believes that as a result of the above, Defendants have, at times, willfully violated the strict disclosure and authorization requirements under the California Investigative Consumer Reporting Agencies Act, California Civil Code section 1786 *et seq.* ("ICRAA").

45. As a result of Defendants' unlawful procurement of background reports by way of its inadequate disclosures and authorizations, as set forth above, Plaintiff and Class Members have been deprived of their consumer rights and prevented from making informed decisions about whether to permit Defendants to obtain their personal information. As such, Plaintiff and Class Members have been injured, including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

46. Plaintiff, on behalf of himself and Class Members, seeks all available remedies pursuant to, without limitation, California Civil Code section 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

47. Plaintiff demands a trial by jury on all causes of action contained herein.

///
///
///

Law Offices
COHEN & LORD
A Professional Corporation
4720 Lincoln Boulevard, Suite 200
Marina del Rey, CA 90292-6977
(310) 821-1163

ADMIN10.001/245315.1

## PRAYER

WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for judgment against Defendants as follows:

A    An order certifying this case as a Class Action;

B.    An Order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C.    Actual damages;

D.    Punitive damages;

E.    Statutory penalties;

F.    Declaratory relief;

G.    Injunctive relief;

H.    For attorneys' fees in prosecuting this action;

I.    Costs of suit incurred herein; and

J.    For such other relief as the Court deems just and proper.

Dated: April 29, 2022    BIBIYAN LAW GROUP, P.C.

BY: /s/ Noor Kurdi
     NOOR KURDI
     DAVID BIBIYAN
Attorneys for Plaintiff IRVING CARLOS ZUNIGA, on behalf of himself and all others similarly situated.

Law Offices
COHEN & LORD
A Professional Corporation
4720 Lincoln Boulevard, Suite 200
Marina del Rey, CA 90292-6977
(310) 821-1163

ADMIN10.001/245315.1

# EXHIBIT A

## DISCLOSURE REGARDING "INVESTIGATIVE CONSUMER REPORT" BACKGROUND INVESTIGATION

House Foods America (the "Company"), to which you have applied for employment, may request an investigative consumer report about you from a third party consumer reporting agency, in connection with your employment or application for employment (including independent contractor or volunteer assignments, as applicable) and throughout your employment if you are hired or retained. An "investigative consumer report" is a background report that includes information from personal interviews (except in California, where that term includes background reports with or without information obtained from personal interviews). The most common form of an investigative consumer report in connection with your employment is a reference check through personal interviews with sources such as your former employers and associates, and other information sources. The investigative consumer report may contain information concerning your character, general reputation, personal characteristics or mode of living. You may request more information about the nature and scope of an investigative consumer report, if any, by contacting the Company.

You have the right, upon written request made within a reasonable time, to request (1) whether an investigative consumer report has been obtained about you, (2) disclosure of the nature and scope of any investigative consumer report and (3) a copy of your report. These reports will be conducted by PeopleG2, 135 South State College Blvd, Suite 200, Brea, CA 92821; tel. # 1.800.630.2880; www.PeopleG2.com.

Signature _[signature]_                    Date 01/09/20

Print Name IRWING CARLOS

## ACKNOWLEDGMENT AND AUTHORIZATION FOR BACKGROUND CHECK

I acknowledge receipt of the separate document entitled DISCLOSURE REGARDING BACKGROUND INVESTIGATION and A SUMMARY OF YOUR RIGHTS UNDER THE FAIR CREDIT REPORTING ACT and certify that I have read and understand both of those documents. I hereby authorize the obtaining of "consumer reports" and/or "investigative consumer reports" by House Foods America ("Employer") at any time after receipt of this authorization and throughout my employment, if applicable. To this end, I hereby authorize, without reservation, any law enforcement agency, administrator, state or federal agency, institution, school or university (public or private), information service bureau, employer, or insurance company to furnish any and all background information requested by PeopleG2, 135 South State College Blvd, Suite 200, Brea, CA 92821; tel. # 1.800.630.2880; www.PeopleG2.com and/or Employer. I agree that a facsimile ("fax"), electronic or photographic copy of this Authorization shall be as valid as the original. The scope of this disclosure is all-encompassing, however, allowing the Company to obtain from any outside organization all manner of investigative consumer reports throughout the course of your employment to the extent permitted by law.

---

New York applicants only: Upon request, you will be informed whether or not a consumer report was requested by the Employer, and if such report was requested, informed of the name and address of the consumer reporting agency that furnished the report. You have the right to inspect and receive a copy of any investigative consumer report requested by the Employer by contacting the consumer reporting agency identified above directly. By signing below, you acknowledge receipt of Article 23-A of the New York Correction Law.

New York City applicants only: You acknowledge and authorize the Employer to provide any notices required by federal, state or local law to you at the address(es) and/or email address(es) you provided to the Employer.

Washington State applicants only: You also have the right to request from the consumer reporting agency a written summary of your rights and remedies under the Washington Fair Credit Reporting Act.

Minnesota and Oklahoma applicants only: Please check this box if you would like to receive a copy of a consumer report if one is obtained by the Employer. [___]

---

Signature _[signature]_                                   Date  01/08/20

## DISCLOSURE REGARDING BACKGROUND INVESTIGATION

House Foods America ("the Company") may obtain information about you from a third party consumer reporting agency for employment purposes. Thus, you may be the subject of a "consumer report" which may include information about your character, general reputation, personal characteristics, and/or mode of living. These reports may contain information regarding your credit history, criminal history, social security verification, motor vehicle records ("driving records"), verification of your education or employment history, or other background checks.

You have the right, upon written request made within a reasonable time, to request whether a consumer report has been run about you and to request a copy of your report. These searches will be conducted by PeopleG2, 135 South State College Blvd, Suite 200, Brea, CA 92821; tel. # 1.800.630.2880; www.PeopleG2.com.

Signature _[signature]_   Date 01/09/20

Print Name IRVING CARLOS

## NOTICE REGARDING BACKGROUND CHECKS CALIFORNIA LAW

House Foods America (the "Company") intends to obtain information about you for employment screening purposes from a consumer reporting agency. Thus, you can expect to be the subject of "investigative consumer reports" obtained for employment purposes. Such reports may include information about your character, general reputation, personal characteristics and mode of living. With respect to any investigative consumer report from an investigative consumer reporting agency ("ICRA"), the Company may investigate the information contained in your employment application and other background information about you, including but not limited to obtaining a criminal record report, verifying references, work history, your social security number, your educational achievements, licensure, and certifications, your driving record, and other information about you, and interviewing people who are knowledgeable about you. The results of this report may be used as a factor in making employment decisions. The source of any investigative consumer report (as that term is defined under California law) will be PeopleG2, 135 South State College Blvd, Suite 200, Brea, CA 92821; tel. # 1.800.630.2880; www.PeopleG2.com. The Company agrees to provide you with a copy of an investigative consumer report when required to do so under California law.

Under California Civil Code section 1786.22, you are entitled to find out what is in the ICRA's file on you with proper identification, as follows:

· In person, by visual inspection of your file during normal business hours and on reasonable notice. You also may request a copy of the information in person. The ICRA may not charge you more than the actual copying costs for providing you with a copy of your file

· A summary of all information contained in the ICRA's file on you that is required to be provided by the California Civil Code will be provided to you via telephone, if you have made a written request, with proper identification, for telephone disclosure, and the toll charge, if any, for the telephone call is prepaid by or charged directly to you.

· By requesting a copy be sent to a specified addressee by certified mail. ICRAs complying with requests for certified mailings shall not be liable for disclosures to third parties caused by mishandling of mail after such mailings leave the ICRAs.


____ Please check here if you would like to receive a copy of an investigative consumer report at no charge if one is obtained by the Company whenever you have a right to receive such a copy under California law.