**BIBIYAN LAW GROUP**
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Noor Kurdi (SBN 304220)
*noor@tomorrowlaw.com*
Diego Aviles (SBN 315533)
*diego@tomorrowlaw.com*
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555; Fax: (310) 300-1705

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 877-619-8966
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

Attorneys for Plaintiff, IRVING CARLOS ZUNIGA
on behalf of himself and all others similarly situated

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVING CARLOS ZUNIGA, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HOUSE FOODS AMERICA CORPORATION, a California corporation; HOUSE FOODS HOLDING USA INC., a California corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.:   8:22-cv-00372-CJC-JDE <br><br> **SECOND AMENDED CLASS ACTION COMPLAINT FOR:** <br><br> 1. VIOLATION OF THE FAIR CREDIT REPORTING ACT; and <br><br> 2. VIOLATION OF THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT. <br><br> **DEMAND FOR JURY TRIAL** <br><br> [Amount in Controversy Exceeds $25,000] |

1    COMES NOW plaintiff IRVING CARLOS ZUNIGA ("Plaintiff"), on behalf of himself

2    and all others similarly situated, and alleges as follows:

3    **GENERAL ALLEGATIONS**

4    **INTRODUCTION**

5    1.    This is a Class Action, pursuant to Code of Civil Procedure section 382 against

6    HOUSE FOODS AMERICA CORPORATION, a California corporation, and any of its respective

7    subsidiaries or affiliated companies ("HOUSE FOODS"), and collectively with DOES 1 through

8    100, as further defined below, "Defendants") on behalf of Plaintiff and all other current, former, or

9    prospective employees of Defendants ("Class Members") for, among other things, alleged

10    violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

11    **PARTIES**

12    **A.    Plaintiff**

13    2.    Plaintiff, IRVING CARLOS ZUNIGA, is a resident of the State of California.  At

14    all relevant times herein, Plaintiff is informed and believes, and based thereon alleges that

15    Defendants employed Plaintiff as an employee.  Plaintiff applied for work with Defendants in or

16    about January of 2020 and stopped working for Defendants in or about March 2021.

17    3.    Plaintiff is a natural person, and at all times relevant to this Complaint was a

18    "consumer" as defined by the Fair Credit Reporting Act, at 15 U.S.C. § 1681a and the

19    Investigative Consumer Reporting Agencies Act ("ICRAA"), at Civ. Code § 1786.2(b).

20    **B.    Defendants**

21    4.    Plaintiff is informed and believes and based thereon alleges that defendant HOUSE

22    FOODS AMERICA CORPORATION is, and at all times relevant hereto was, a corporation

23    organized and existing under and by virtue of the laws of the State of California and doing

24    business in the County of Orange, State of California.

25    5.    Plaintiff is informed and believes Defendants are "persons" as those terms are

26    defined under the FCRA at 15 U.S.C. § 1681a(b) and under the ICRAA at Civ. Code § 1786.2(a).

27    6.    The true names and capacities, whether individual, corporate, associate, or

28    otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to

Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.  Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.  Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include HOUSE FOODS, and any of their parent, subsidiary, or affiliated companies within the State of California, as well DOES 1 through 100 identified herein.

## JOINT LIABILITY ALLEGATIONS

7.     All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

8.     Plaintiff is informed and believes that Defendants' policies regarding the disclosures, authorizations, background checks, and consumer reports mentioned herein were done for the benefit of all Defendants, and at times, expressly named in said disclosures, authorizations, background checks, and consumer reports.  As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are jointly liable for the violations that form the basis of this complaint.

## JURISDICTION

9.      Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10. Defendant removed this action to Federal Court and Defendant contends there is jurisdiction.

10.      Venue is proper in Orange County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, Orange County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiff and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiff and Defendants was actually performed; the unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the county and the State of California, and because Defendants employ numerous Class Members in Orange County and the State of California.

## FACTUAL BACKGROUND

11.      Plaintiff is informed and believes, and based thereon alleges that on or about January of 2020, Defendants purported to provide consumer report disclosures and requested from Plaintiff authorization to procure (investigative) consumer reports and background checks for employment purposes.

12.      Plaintiff is informed and believes and based thereon alleges that on or around January 2020, Defendants, procured a consumer report from PeopleG2 about Plaintiff as part of an employment background screening without providing Plaintiff with the appropriate, applicable disclosures and without the appropriate, applicable authorization in compliance with state and federal laws.

13.      Plaintiff is informed and believes and based thereon alleges that Defendants did not provide legally compliant disclosure and authorization forms to Plaintiff and Class Members as they failed to contain, among other things, a "clear and conspicuous" disclosure, made in writing prior to the report being procured or caused to be procured, in a document that consisted "solely"

1    of the disclosure, that a consumer report may be obtained for employment purposes as well as an

2    authorization, in writing, for the procurement of the report, which are in violation of 15 U.S.C. §§

3    1681b(b)(2)(A) and 1681d(a).  Specifically, Plaintiff is informed and believes the disclosures did

4
5    not comply as a result of, without limitation: including superfluous information within the

6    disclosure, such as identifying information of third-party consumer reporting agencies, which may

7    not have been the reporting agencies used to obtain or procure the consumer report for Plaintiff

8    and Class members from a surplusage of other states; and/or failing to obtain proper authorization

9    before procuring a consumer report, including by either obtaining consumer reports without

10    authorization or when such authorization had expired.  Furthermore, Defendants' disclosures

11    included state-specific disclosures and authorizations for applicants form New York, New York

12    City, Washington, Minnesota, and Oklahoma, violating the requirement that the authorization

13    consist "solely" of the disclosure. A true and correct copy of the applicable disclosure documents

14    are attached hereto as **Exhibit A**.

15
16        14.        Specifically, Exhibit A states as follows:

17

18

19    New York applicants only: Upon request, you will be informed whether or not a consumer report was requested by the Employer, and if such report was requested, informed of the name and address of the consumer reporting agency that furnished the report.   You have the right to inspect and receive a copy of any investigative consumer report requested by the Employer by contacting the consumer reporting agency identified above directly. By signing below, you acknowledge receipt of Article 23-A of the New York Correction Law.

20

21    New York City applicants only: You acknowledge and authorize the Employer to provide any notices required by federal, state or local law to you at the address(es) and/or email address(es) you provided to the Employer.

22    Washington State applicants only: You also have the right to request from the consumer reporting agency a written summary of your rights and remedies under the Washington Fair Credit Reporting Act.

23

24    Minnesota and Oklahoma applicants only: Please check this box if you would like to receive a copy of a consumer report if one is obtained by the Employer. [___]

25

26    Authorization shall be as valid as the original.  The scope of this disclosure is all-encompassing, however, allowing the Company to obtain from any outside organization all manner of investigative consumer reports throughout the course of your employment to the extent permitted by law.

27

28        15.        In *Gilberg v. California Check Cashing Stores*, LLC, 913 F.3d 1169 (9th Cir. 2019),

which provided further analysis in conjunction with *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir.

2017), the Ninth Circuit held as follows:

> "Consistent with Syed, we now hold that a prospective employer violates FCRA's standalone document requirement by including extraneous information relating to various state disclosure requirements in that disclosure. We also hold that the disclosure at issue here is conspicuous but not clear."

> CheckSmart contends Syed is not applicable here, because the surplusage in Syed was a liability waiver, which did "not comport with the FCRA's basic purpose" because it pulled "the applicant's attention away from his privacy rights protected by the FCRA by calling his attention to the rights he must forego if he signs the document." Id. at 502. CheckSmart argues its disclosure is distinguishable because all of the extraneous information consists of other, state mandated disclosure information, which furthers rather than undermines FCRA's purpose. We disagree. Syed's holding and statutory analysis were not limited to liability waivers; Syed considered the standalone requirement with regard to any surplusage. See id. at 501. Syed grounded its analysis of the liability waiver in its statutory analysis of the word "solely," noting that FCRA should not be read to have implied exceptions, especially when the exception – in that case, a liability waiver – was contrary to FCRA's purpose. See id. at 501– 03. Syed also cautioned "against finding additional, implied exceptions" simply because Congress had created one express exception. Id. at 501.2 Consistent with Syed, we decline CheckSmart's invitation to create an implied exception here.

> Although CheckSmart contends its disclosure form is consistent with the congressional purpose of FCRA because it helps applicants understand their state and federal rights, purpose does not override plain meaning. As Syed explained, congressional intent "has been expressed in reasonably plain terms" and "that language must ordinarily be regarded as conclusive." Id. at 500 (quoting Griffin, 458 U.S. at 570). The ordinary meaning of "solely" is "[a]lone; singly" or "[e]ntirely; exclusively." The American Heritage Dictionary of the English Language 1666 (5th ed. 2011). Because CheckSmart's disclosure form does not consist solely of the FCRA disclosure, it does not satisfy FCRA's standalone document requirement. CheckSmart, moreover, fails to explain how the surplus language in its disclosure form comports with FCRA's purpose. Its disclosure refers not only to rights under FCRA and under ICRAA applicable to Gilberg, but also to rights under state laws inapplicable to Gilberg and to extraneous documents that are not part of the FCRA-mandated disclosure – e.g., a "Notice Regarding Background Investigation" and a "Summary of Your Rights Under the Fair Credit Reporting Act." Because the presence of this extraneous information is as likely to confuse as it is to inform, it does not further FCRA's purpose.

> …

> CheckSmart's disclosure form is not reasonably understandable for two distinct reasons. First, the disclosure form contains language that a reasonable person

1   would not understand. ==It says: The scope of this notice and authorization is all-
2   encompassing; however, allowing CheckSmart Financial, LLC to obtain from any
    outside organization all manner of consumer reports and investigative consumer
3   reports now and, if you are hired, throughout the course of your employment to
    the extent permitted by law==. The beginning of this sentence does not explain how
4   the authorization is all-encompassing and how that would affect an applicant's
5   rights. The second half of the sentence, following the semicolon, lacks a subject
    and is incomplete. It suggests that there may be some limits on the all
6   encompassing nature of the authorization, but it does not identify what those
    limits might be. Second, the disclosure would confuse a reasonable reader
7   because it combines federal and state disclosures. The disclosure, for example,
    states: "==New York and Maine applicants or employees only: You have the right to
8   inspect and receive a copy of any investigative consumer report requested by
    CheckSmart Financial, LLC by contacting the consumer reporting agency
9   identified above directly==." A reasonable reader might think that only New York
    and Maine applicants could contact the consumer reporting agency to get a copy
10  of the report. Such an understanding would be contrary to both FCRA and
    ICRAA. See 15 U.S.C. § 1681m(3)–(4); Cal. Civ. Code § 1786.22. We hold,
11  therefore, that the district court erred by deeming CheckSmart's disclosure form
12  clear.

13
14      16.      Exhibit A contains a nearly verbatim disclosure in two key areas, both of which
15  were unlawful by the Ninth Circuit in *Glberg*.  The highlighted language from Gilbert above is
16  nearly verbatim to the language in the disclosures in Plaintiff's background check authorization
17  form.  Accordingly, for similar reasons as stated by the Ninth Circuit, Defendant's background
18  check disclosures are not "clear" or "conspicuous" within the requirements of the FCRA.  The
19  form is also not reasonably understandable for the same reasons as held by the Ninth Circuit in
20  Gilberg because it too contains the same extraneous information about state law disclosures that
21  does not apply to Plaintiff, who was a California employee.  This language is highlighted above as
22  well for comparison purposes.

23      17.      Plaintiff is informed and believes and based thereon alleges that Defendants did not
24  provide legally compliant disclosure and authorization forms to Plaintiff and Class Members as
25  they failed to contain, among other things, a "clear and conspicuous" disclosure in writing to
26  Plaintiff and Class Members at any time before the report is or was procured or caused to be made
27  in a document that consisted solely of the disclosure, that: an investigative consumer report may
28  be obtained; identified the name, address, and telephone number of the investigative consumer

reporting agency conducting the investigation; notified Plaintiff and Class Members in writing of the nature and scope of the investigation requested, including a summary of the provisions of Civ. Code § 1786.22; and notified Plaintiff and Class Members of the internet web site of the investigative consumer reporting agency, or, if the agency had no internet web site address, the telephone number of the agency where Plaintiff and Class Members may find information about the investigative reporting agency's privacy practices, including whether Plaintiff and Class Member's personal information will be sent outside of the United States or its territories and information that complies with subdivision (d) of Section 1786.22.

18.     Plaintiff is further informed and believes, and based thereon alleges, that Defendants routinely acquire consumer, investigative and/or consumer credit reports (referred to collectively as "background checks") to conduct back ground checks as described herein on Plaintiff and other prospective, current and former employees and use information from the background checks without providing proper disclosures and obtaining proper authorization in compliance with the law, including Civil Code § 1785 *et seq.* (the "Consumer Credit Reporting Agencies Act" or the "CCRAA").

## **CLASS ACTION ALLEGATIONS**

19.     Plaintiff brings this action on behalf of himself and all others similarly situated, as a class action pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current, former, and prospective employees of Defendants who applied for a position with Defendants and had a background check performed beginning five (5) years preceding the filing of Plaintiff's complaint up until the date that final judgment is entered in this action (collectively referred to as "Class Members").

20.     Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

21.     This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.** **Numerosity**

22.    The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are at least seventy-five (75) Class Members within the State of California.

23.    Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

**B.** **Commonality**

24.    There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

        (a)    Whether Defendants failed to comply with the requirements of the FCRA under 15 U.S.C. § 1681, *et seq.*, including by failing to include the proper disclosures and proper authorizations required by law?

        (b)    Whether Defendants failed to comply with the requirements of the ICRAA under California Civil Code section 1786, *et seq.*, including by failing to include the proper disclosures and proper authorizations required by law?

        (c)    Whether Defendants failed to comply with the requirements of the Consumer Credit Reporting Agencies Act under California Civil Code section 1785 *et seq.*, including by failing to include the proper disclosures and proper authorizations required by law?

        (d)    Whether Defendants willfully failed to comply with the FCRA?

        (e)    Are Class Members entitled to costs and attorneys' fees?

        (f)    Are Class Members entitled to actual damages?

        (g)    Are Class Members entitled to punitive damages?

        (h)    Are Class Members entitled to interest?

**C.** **Typicality**

25.     The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.  Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

### D.     **Adequacy of Representation**

26.     Plaintiff will fairly and adequately represent and protect the interest of Class Members.  Counsel who represents Plaintiff is competent and experienced in litigating class actions and has no interests adverse to, or otherwise conflict with, the interests of the absent Class Members.

### E.     **Superiority of Class Action**

27.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members.  Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' illegal policy and/or practices, that have resulted in the violation of state and federal statutory authority.

28.     Class action treatment will allow those similarly situated to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## **FIRST CAUSE OF ACTION**

### **(Violation of the Fair Credit Reporting Act – Against All Defendants)**

29.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

30.     Defendants are "persons" as defined by section 1681a(b) of the FCRA;

31.     Plaintiff and Class Members are "consumers" within the meaning of Section 1681a(c) of the FCRA because they are "individuals."

32.    Pursuant to 15 U.S.C. section 1681b(b)(2)(A), an employer may not procure, or cause to be procured, consumer reports for employment purposes without providing the [employee] with "a clear and conspicuous disclosure… made in writing… in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes" and which the consumer has "authorized in writing" the procurement of the report by that person.

33.    Pursuant to FCRA, a company's inclusion of extraneous information relating to various state disclosure requirements violates FCRA's standalone document requirement. *Gilberg v. California Check Cashing Stores, LLC, 913 F. 3d 1169.* Offending language includes language that is not necessary to clearly and conspicuously advise an applicant or employee of FCRA rights, should be excluded.

34.    15 U.S.C. section 1681d(a)(1)(B) further provides that an employer may not procure or cause to be prepared an investigative consumer report on any consumer unless it is "clearly and accurately disclosed to the [employee] that an investigative consumer report… may be made and such disclosure includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to section 1681g(c) of this title."

35.    Plaintiff is informed and believes, and based thereon alleges, that during the relevant time periods alleged herein, Defendants have, at times, obtained and used information in consumer reports to conduct background checks on prospective and existing employees which failed to comply with the "standalone" document and "clear and conspicuous" requirements under the FCRA because they, among other things, included superfluous information within the disclosure, such as identifying information of a third party consumer reporting agency, which may not have been the reporting agency used to obtain or procure the consumer report for Plaintiff and Class Members and/or failed to obtain proper authorization before procuring a consumer report, including by either obtaining consumer reports without authorization or when such authorization

had expired. Specifically, Defendants authorization forms included detailing information applicable to New York State, New York City, Washington State employees, Minnesota State, and Oklahoma State applicants.

36.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' violations of the FCRA were willful.  Defendant knew or should have known about its obligations under the FCRA as a result of the plain language of the statutes.

37.     Plaintiff, on behalf of himself and Class Members, seeks all statutory remedies available under the FCRA, including statutory penalties, actual damages, punitive damages, and attorneys' fees and costs pursuant to, without limitation, 15 U.S.C. §§ 1681n and 1681o.

## SECOND CAUSE OF ACTION

### (Violation of the Cal. Investigative Consumer Reporting Agencies Act

### – Against All Defendants)

38.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

39.     At all relevant times, Plaintiff and Class Members were current, former, and prospective employees of Defendants covered by the California Investigative Consumer Reporting Agencies Act, California Civil Code section 1786 *et seq.* ("ICRAA").

40.     Plaintiff is informed and believes that Plaintiff and Class Members are "consumers" within the meaning Section 1786.2(b) of the ICRAA, because they are "individuals."

41.     Section 1786.2(c) of the ICRAA defines an "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

42.     Plaintiff is informed and believes that Defendants obtained background checks from Plaintiff and Class Members, which qualify as an "investigative consumer report" under the ICRAA.

43.     Section 1786.16(a)(2) of the ICRAA provides, in relevant part, that "[i]f, at any

time, an investigative consumer report is sought for employment purposes… the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

"(A) The person procuring or causing the report to be made has a permissible purpose, as defined in Section 1786.12.

(B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure…" that, among other things, an investigative report may be obtained; identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation; notifies the consumer in writing of the nature of the scope of the investigation, including a summary of the provision of section 1786.22; and notifies the consumer of the internet website address of the investigative consumer reporting agency or the address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside of the United States or its territories and information that complies with subdivision (d) of section 1786.20.

(C) The consumer has authorized in writing the procurement of the report.

44.     Plaintiff is informed and believes and based thereon alleges that the plain language of the statute indicates that the inclusion of extraneous information in a disclosure form violates the disclosure and authorization requirements of the ICRAA, because such a form would not consist "solely" of the disclosure and that the notice provided be "clear and conspicuous." Additionally, section 1786.16 requires that the consumer authorize in writing the procurement of the report.

45.     Pursuant to ICRAA, a company's inclusion of extraneous information relating to various state disclosure requirements violates ICRAA's standalone document requirement. *Gilberg v. California Check Cashing Stores, LLC, 913 F. 3d 1169.* Offending language includes language that is not necessary to clearly and conspicuously advise an applicant or employee of ICRAA rights, should be excluded.

46.     Plaintiff is informed and believes that during the relevant time periods alleged herein, Defendants have, at times, failed to make a "clear and conspicuous" disclosure in writing

to Plaintiff and Class Members at any time before the report is or was procured or caused to be made in a document that consists solely of the disclosure, that: an investigative consumer report may be obtained; identified the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation; notified Plaintiff and Class Members in writing of the nature and scope of the investigation requested, including a summary of the provisions of Civ. Code § 1786.22; and notified Plaintiff and Class Members of the internet web site of the investigative consumer reporting agency, or, if the agency had no internet web site address, the telephone number of the agency where Plaintiff and Class Members may find information about the investigative reporting agency's privacy practices, including whether Plaintiff and Class Member's personal information will be sent outside of the United States or its territories and information that complies with subdivision (d) of Section 1786.22.

47.    Plaintiff is informed and believes that as a result of the above, Defendants have, at times, willfully violated the strict disclosure and authorization requirements under the California Investigative Consumer Reporting Agencies Act, California Civil Code section 1786 *et seq.* ("ICRAA").

48.    As a result of Defendants' unlawful procurement of background reports by way of its inadequate disclosures and authorizations, as set forth above, Plaintiff and Class Members have been deprived of their consumer rights and prevented from making informed decisions about whether to permit Defendants to obtain their personal information.  As such, Plaintiff and Class Members have been injured, including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

49.    Plaintiff, on behalf of himself and Class Members, seeks all avai1able remedies pursuant to, without limitation, California Civil Code section 1786.50, including statutory damages and/or actual damages, punitive damages, and attorneys' fees and costs.

## **DEMAND FOR JURY TRIAL**

50.    Plaintiff demands a trial by jury on all causes of action contained herein.

1

## **PRAYER**

2          WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for

3     judgment against Defendants as follows:

4          A      An order certifying this case as a Class Action;

5          B.     An Order appointing Plaintiff as Class representative and appointing Plaintiff's

6                 counsel as class counsel;

7          D.     Punitive damages;

8          E.     Statutory penalties;

9          F.     Declaratory relief;

10         G.     Injunctive relief;

11         H.     For attorneys' fees in prosecuting this action;

12         I.     Costs of suit incurred herein; and

13         J.     For such other relief as the Court deems just and proper.

14

15    Dated:  July 15, 2022            Respectfully submitted,
                                        LAW OFFICES OF TODD M. FRIEDMAN, P.C.
16
                                 By:  */s/Todd M. Friedman*
17                                     Todd M. Friedman
18                                     Adrian R. Bacon
                                       Attorneys for Plaintiff
19

20

21

22

23

24

25

26

27

28

Filed electronically on this 15th Day of July, 2022, with:

United States District Court CM/ECF system.

Notification sent electronically on this 15th Day of July, 2022, to:

Honorable Cormac J. Carney
United States District Court
Central District of California
And All Counsel of Record as Recorded On The Electronic Service List

/s/ Todd M. Friedman, Esq.
TODD M. FRIEDMAN