**BIBIYAN LAW GROUP**
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Noor Kurdi (SBN 304220)
*noor@tomorrowlaw.com*
Diego Aviles (SBN 315533)
*diego@tomorrowlaw.com*
8484 Wilshire Boulevard, Suite 500
Beverly Hills, California 90211
Tel: (310) 438-5555; Fax: (310) 300-1705

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 877-619-8966
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

Attorneys for Plaintiff, IRVING CARLOS ZUNIGA
on behalf of himself and all others similarly situated

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IRVING CARLOS ZUNIGA, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOUSE FOODS AMERICA CORPORATION, a California corporation; HOUSE FOODS HOLDING USA INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.:   8:22-cv-00372-CJC-JDE<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. VIOLATION OF THE FAIR CREDIT REPORTING ACT<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Amount in Controversy Exceeds $25,000] |

COMES NOW plaintiff IRVING CARLOS ZUNIGA ("Plaintiff"), on behalf of himself and all others similarly situated, and alleges as follows:

## GENERAL ALLEGATIONS

### INTRODUCTION

1. This is a Class Action, pursuant to Code of Civil Procedure section 382 against HOUSE FOODS AMERICA CORPORATION, a California corporation, and any of its respective subsidiaries or affiliated companies ("HOUSE FOODS", and collectively with DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiff and all other current, former, or prospective employees of Defendants ("Class Members") for, among other things, alleged violations of the Fair Credit Reporting Act ("FCRA").

### PARTIES

**A.   Plaintiff**

2. Plaintiff, IRVING CARLOS ZUNIGA, is a resident of the State of California. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges that Defendants employed Plaintiff as an employee. Plaintiff applied for work with Defendants in or about January of 2020 and stopped working for Defendants in or about March 2021.

3. Plaintiff is a natural person, and at all times relevant to this Complaint was a "consumer" as defined by the Fair Credit Reporting Act, at 15 U.S.C. § 1681a.

**B.   Defendants**

4. Plaintiff is informed and believes and based thereon alleges that defendant HOUSE FOODS AMERICA CORPORATION is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of California and doing business in the County of Orange, State of California.

5. Plaintiff is informed and believes Defendants are "persons" as those terms are defined under the FCRA at 15 U.S.C. § 1681a(b).

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure

section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include HOUSE FOODS, and any of their parent, subsidiary, or affiliated companies within the State of California, as well DOES 1 through 100 identified herein.

**JOINT LIABILITY ALLEGATIONS**

7. All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

8. Plaintiff is informed and believes that Defendants' policies regarding the disclosures, authorizations, background checks, and consumer reports mentioned herein were done for the benefit of all Defendants, and at times, expressly named in said disclosures, authorizations, background checks, and consumer reports. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are jointly liable for the violations that form the basis of this complaint.

**JURISDICTION**

9. Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10. Defendant removed this action to Federal Court and Defendant contends there is jurisdiction.

10. Venue is proper in Orange County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, Orange County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiff and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiff and Defendants was actually performed; the unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the county and the State of California, and because Defendants employ numerous Class Members in Orange County and the State of California.

**FACTUAL BACKGROUND**

11. Plaintiff is informed and believes, and based thereon alleges that on or about January of 2020, Defendants purported to provide consumer report disclosures and requested from Plaintiff authorization to procure consumer reports and background checks for employment purposes.

12. Plaintiff is informed and believes and based thereon alleges that on or around January 2020, Defendants, procured a report from PeopleG2 about Plaintiff as part of an employment background screening without providing Plaintiff with the appropriate, applicable disclosures and without the appropriate, applicable authorization in compliance with state and federal laws.

13. PeopleG2 provides "screening services for every business" that procures credit reports on behalf of employers, such as Defendants, that include "things like open lines of credit (mortgages and credit cards), outstanding balances, and student or auto loans . . . [as well as] late or missed payments, foreclosures, bankruptcies and collection accounts."

14. The report Defendants procured from PeopleG2 about Plaintiff included Plaintiff's

credit history as obtained from a third-party consumer reporting agency. This report included information regarding Plaintiff's outstanding balances and loans and payment history. This report also included information about Plaintiff's employment history. Thus, the report encompassed information bearing on Plaintiff's credit worthiness, credit standing, credit capacity, character, and reputation and was a "consumer report."

15.    Plaintiff is informed and believes and based thereon alleges that Defendants did not provide legally compliant disclosure and authorization forms to Plaintiff and Class Members as they failed to contain, among other things, a "clear and conspicuous" disclosure, made in writing prior to the report being procured or caused to be procured, in a document that consisted "solely" of the disclosure, that a consumer report may be obtained for employment purposes as well as an authorization, in writing, for the procurement of the report, which are in violation of 15 U.S.C. §§ 1681b(b)(2)(A) and 1681d(a). Specifically, Plaintiff is informed and believes the disclosures did not comply as a result of, without limitation: including superfluous information within the disclosure, such as identifying information of third-party consumer reporting agencies, which may not have been the reporting agencies used to obtain or procure the consumer report for Plaintiff and Class members from a surplusage of other states; and/or failing to obtain proper authorization before procuring a consumer report, including by either obtaining consumer reports without authorization or when such authorization had expired. Furthermore, Defendants' disclosures included state-specific disclosures and authorizations for applicants form New York, New York City, Washington, Minnesota, and Oklahoma, violating the requirement that the authorization consist "solely" of the disclosure. A true and correct copy of the applicable disclosure documents are attached hereto as **Exhibit A**.

16.    Specifically, Exhibit A states as follows:

> New York applicants only: Upon request, you will be informed whether or not a consumer report was requested by the Employer, and if such report was requested, informed of the name and address of the consumer reporting agency that furnished the report. You have the right to inspect and receive a copy of any investigative consumer report requested by the Employer by contacting the consumer reporting agency identified above directly. By signing below, you acknowledge receipt of Article 23-A of the New York Correction Law.
>
> New York City applicants only: You acknowledge and authorize the Employer to provide any notices required by federal, state or local law to you at the address(es) and/or email address(es) you provided to the Employer.
>
> Washington State applicants only: You also have the right to request from the consumer reporting agency a written summary of your rights and remedies under the Washington Fair Credit Reporting Act.
>
> Minnesota and Oklahoma applicants only: Please check this box if you would like to receive a copy of a consumer report if one is obtained by the Employer. [___]

Authorization shall be as valid as the original. The scope of this disclosure is all-encompassing, however, allowing the Company to obtain from any outside organization all manner of investigative consumer reports throughout the course of your employment to the extent permitted by law.

17. In *Gilberg v. California Check Cashing Stores*, LLC, 913 F.3d 1169 (9th Cir. 2019), which provided further analysis in conjunction with *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017), the Ninth Circuit held as follows:

> "Consistent with Syed, we now hold that a prospective employer violates FCRA's standalone document requirement by including extraneous information relating to various state disclosure requirements in that disclosure. We also hold that the disclosure at issue here is conspicuous but not clear."
>
> CheckSmart contends Syed is not applicable here, because the surplusage in Syed was a liability waiver, which did "not comport with the FCRA's basic purpose" because it pulled "the applicant's attention away from his privacy rights protected by the FCRA by calling his attention to the rights he must forego if he signs the document." Id. at 502. CheckSmart argues its disclosure is distinguishable because all of the extraneous information consists of other, state mandated disclosure information, which furthers rather than undermines FCRA's purpose. We disagree. Syed's holding and statutory analysis were not limited to liability waivers; Syed considered the standalone requirement with regard to any surplusage. See id. at 501. Syed grounded its analysis of the liability waiver in its statutory analysis of the word "solely," noting that FCRA should not be read to have implied exceptions, especially when the exception – in that case, a liability waiver – was contrary to FCRA's purpose. See id. at 501– 03. Syed also cautioned "against finding additional, implied exceptions" simply because Congress had created one express exception. Id. at 501.2 Consistent with Syed, we decline CheckSmart's invitation to create an implied exception here.
>
> Although CheckSmart contends its disclosure form is consistent with the congressional purpose of FCRA because it helps applicants understand their state

and federal rights, purpose does not override plain meaning. As Syed explained, congressional intent "has been expressed in reasonably plain terms" and "that language must ordinarily be regarded as conclusive." Id. at 500 (quoting Griffin, 458 U.S. at 570). The ordinary meaning of "solely" is "[a]lone; singly" or "[e]ntirely; exclusively." The American Heritage Dictionary of the English Language 1666 (5th ed. 2011). Because CheckSmart's disclosure form does not consist solely of the FCRA disclosure, it does not satisfy FCRA's standalone document requirement. CheckSmart, moreover, fails to explain how the surplus language in its disclosure form comports with FCRA's purpose. Its disclosure refers not only to rights under FCRA and under ICRAA applicable to Gilberg, but also to rights under state laws inapplicable to Gilberg and to extraneous documents that are not part of the FCRA-mandated disclosure – e.g., a "Notice Regarding Background Investigation" and a "Summary of Your Rights Under the Fair Credit Reporting Act." Because the presence of this extraneous information is as likely to confuse as it is to inform, it does not further FCRA's purpose.

…

CheckSmart's disclosure form is not reasonably understandable for two distinct reasons. First, the disclosure form contains language that a reasonable person would not understand. It says: The scope of this notice and authorization is all-encompassing; however, allowing CheckSmart Financial, LLC to obtain from any outside organization all manner of consumer reports and investigative consumer reports now and, if you are hired, throughout the course of your employment to the extent permitted by law. The beginning of this sentence does not explain how the authorization is all-encompassing and how that would affect an applicant's rights. The second half of the sentence, following the semicolon, lacks a subject and is incomplete. It suggests that there may be some limits on the all encompassing nature of the authorization, but it does not identify what those limits might be. Second, the disclosure would confuse a reasonable reader because it combines federal and state disclosures. The disclosure, for example, states: "New York and Maine applicants or employees only: You have the right to inspect and receive a copy of any investigative consumer report requested by CheckSmart Financial, LLC by contacting the consumer reporting agency identified above directly." A reasonable reader might think that only New York and Maine applicants could contact the consumer reporting agency to get a copy of the report. Such an understanding would be contrary to both FCRA and ICRAA. See 15 U.S.C. § 1681m(3)–(4); Cal. Civ. Code § 1786.22. We hold, therefore, that the district court erred by deeming CheckSmart's disclosure form clear.

18. Exhibit A contains a nearly verbatim disclosure in two key areas, both of which were unlawful by the Ninth Circuit in *Glberg*. The highlighted language from Gilbert above is nearly verbatim to the language in the disclosures in Plaintiff's background check authorization form. Accordingly, for similar reasons as stated by the Ninth Circuit, Defendant's background

check disclosures are not "clear" or "conspicuous" within the requirements of the FCRA. The form is also not reasonably understandable for the same reasons as held by the Ninth Circuit in *Gilberg* because it too contains the same extraneous information about state law disclosures that does not apply to Plaintiff, who was a California employee. This language is highlighted above as well for comparison purposes.

19.  Defendants' failure to provide a legally compliant disclosure and authorization form deprived Plaintiff of meaningfully authorization the procurement of a consumer report because it improperly confused Plaintiff about the purpose of the form and obscured Plaintiff's rights. Plaintiff had a substantive right to information and the right to privacy guaranteed by Section 1681b(b)(2)(A)(i)-(ii) which was denied by Defendants' failure. *See, e.g., Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 782 n.3 (9th Cir. 2018); *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1274 (9th Cir. 2019)). Defendants' failure to accommodate that right constitutes a concrete injury.

20.  Defendants' violation of FCRA was willful and/or reckless because the Ninth Circuit had specifically ruled that this language was non-complaint in 2019 in *Gilberg v. California Check Cashing Stores*, LLC, 913 F.3d 1169 (9th Cir. 2019) and in 2017 in *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017). In drafting and preparing the authorizations attached as Exhibit A, Defendants consulted with lawyers who were knowledgeable and sophisticated in the area of employment law, including the requirements for obtaining disclosures. Despite this and despite there being binding case law stating that the language used in their authorization forms were inadequate as of 2017, Defendants did use and continued to use this inadequate disclosure language in obtaining authorizations from potential employees, such as Plaintiff, including in 2020 when they had Plaintiff sign the authorization.

21.  To the extent Defendants' interpretation of the law provided for it to use language explicitly rejected by the Courts in *Gilberg* and *Syed*, such interpretation is objectively unreasonable given those two decisions are not unclear about the requirements for obtaining authorization. Thus, Defendants' use of non-compliant language was willful as well as reckless.

**CLASS ACTION ALLEGATIONS**

22. Plaintiff brings this action on behalf of himself and all others similarly situated, as a class action pursuant to Code of Civil Procedure section 382. Plaintiff seeks to represent a class of all current, former, and prospective employees of Defendants who applied for a position with Defendants and had a consumer report about him or her obtained by Defendants beginning two (2) years preceding the filing of Plaintiff's complaint up until the date that final judgment is entered in this action (collectively referred to as "Class Members").

23. Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

24. This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A. Numerosity**

25. The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are at least seventy-five (75) Class Members within the State of California.

26. Accounting for employee turnover during the relevant periods necessarily increases this number substantially. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B. Commonality**

27. There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

(a) Whether Defendants failed to comply with the requirements of the FCRA under 15 U.S.C. § 1681, *et seq.*, including by failing to include the proper disclosures and proper authorizations required by law?

    (b)    Whether Defendants willfully failed to comply with the FCRA?

    (c)    Are Class Members entitled to costs and attorneys' fees?

    (d)    Are Class Members entitled to actual damages?

    (e)    Are Class Members entitled to punitive damages?

    (f)    Are Class Members entitled to interest?

### C. Typicality

28. The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

### D. Adequacy of Representation

29. Plaintiff will fairly and adequately represent and protect the interest of Class Members. Counsel who represents Plaintiff is competent and experienced in litigating class actions and has no interests adverse to, or otherwise conflict with, the interests of the absent Class Members.

### E. Superiority of Class Action

30. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members. Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' illegal policy and/or practices, that have resulted in the violation of state and federal statutory authority.

31. Class action treatment will allow those similarly situated to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

**(Violation of the Fair Credit Reporting Act – Against All Defendants)**

32. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

33. Defendants are "persons" as defined by section 1681a(b) of the FCRA.

34. Plaintiff and Class Members are "consumers" within the meaning of Section 1681a(c) of the FCRA because they are "individuals."

35. Pursuant to 15 U.S.C. section 1681b(b)(2)(A), an employer may not procure, or cause to be procured, consumer reports for employment purposes without providing the [employee] with "a clear and conspicuous disclosure… made in writing… in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes" and which the consumer has "authorized in writing" the procurement of the report by that person.

36. Pursuant to FCRA, a company's inclusion of extraneous information relating to various state disclosure requirements violates FCRA's standalone document requirement. *Gilberg v. California Check Cashing Stores, LLC*, 913 F. 3d 1169. Offending language includes language that is not necessary to clearly and conspicuously advise an applicant or employee of FCRA rights, should be excluded.

37. Plaintiff is informed and believes, and based thereon alleges, that during the relevant time periods alleged herein, Defendants have, at times, obtained and used information in consumer reports to conduct background checks on prospective and existing employees which failed to comply with the "standalone" document and "clear and conspicuous" requirements under the FCRA because they, among other things, included superfluous information within the disclosure, such as identifying information of a third party consumer reporting agency, which may not have been the reporting agency used to obtain or procure the consumer report for Plaintiff and Class Members and/or failed to obtain proper authorization before procuring a consumer report,

including by either obtaining consumer reports without authorization or when such authorization had expired. Specifically, Defendants' authorization forms included detailing information applicable to New York State, New York City, Washington State employees, Minnesota State, and Oklahoma State applicants.

38. Plaintiff is informed and believes, and based thereon alleges, that Defendants' violations of the FCRA were willful. Defendant knew or should have known about its obligations under the FCRA as a result of the plain language of the statutes and the case law interpreting them as discussed above.

39. Plaintiff, on behalf of himself and Class Members, seeks all statutory remedies available under the FCRA, including statutory penalties, actual damages, punitive damages, and attorneys' fees and costs pursuant to, without limitation, 15 U.S.C. §§ 1681n.

## DEMAND FOR JURY TRIAL

40. Plaintiff demands a trial by jury on all causes of action contained herein.

## PRAYER

WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for judgment against Defendants as follows:

    A    An order certifying this case as a Class Action;

    B.    An Order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

    D.    Punitive damages;

    E.    Statutory penalties;

    F.    Declaratory relief;

    G.    Injunctive relief;

    H.    For attorneys' fees in prosecuting this action;

    I.    Costs of suit incurred herein; and

    J.    For such other relief as the Court deems just and proper.

1  Dated:  October 3, 2022          Respectfully submitted,
                                     LAW OFFICES OF TODD M. FRIEDMAN, P.C.
2
3                                     By:  */s/Todd M. Friedman*
                                          Todd M. Friedman
4                                         Adrian R. Bacon

5                                         BIBIYAN LAW GROUP
                                          David D. Bibiyan
6                                         Attorneys for Plaintiff

1 | Filed electronically on this 3rd Day of October, 2022, with:
2 | United States District Court CM/ECF system.
3 | Notification sent electronically on this 3rd Day of October, 2022, to:
4 |
5 | Honorable Cormac J. Carney
  | United States District Court
6 | Central District of California
  | And All Counsel of Record as Recorded On The Electronic Service List
7 |
8 |
9 |
  | /s/ Todd M. Friedman, Esq.
10 | TODD M. FRIEDMAN