**BIBIYAN LAW GROUP**
David D. Bibiyan (SBN 287811)
*david@tomorrowlaw.com*
Vedang J. Patel (SBN 328647)
*vedang@tomorrowlaw.com*
1460 Westwood Boulevard
Los Angeles, CA 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 877-619-8966
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

Attorneys for Plaintiff, IRVING CARLOS ZUNIGA
on behalf of himself and all others similarly situated and aggrieved

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| IRVING CARLOS ZUNIGA, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOUSE FOODS AMERICA CORPORATION, a California corporation; HOUSE FOODS HOLDING USA INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.:   8:22-cv-00372-CJC-JDEx<br>**FOURTH AMENDED COMPLAINT FOR:**<br><br>1.  VIOLATION OF THE FAIR CREDIT REPORTING ACT;<br>2.  VIOLATION OF CALIFORNIA LABOR CODE SECTON 432.7; and<br>3.  CIVIL PENALTIES FOR VIOLATIONS OF CALIFORNIA LABOR CODE, PURSUANT TO LABOR CODE SECTIONS 2698, *et seq.* (PAGA) |

COMES NOW plaintiff IRVING CARLOS ZUNIGA ("Plaintiff"), on behalf of himself and all others similarly situated, and alleges as follows:

**GENERAL ALLEGATIONS**

**INTRODUCTION**

1.       This is a Class Action, pursuant to Code of Civil Procedure section 382 against HOUSE FOODS AMERICA CORPORATION, a California corporation, and any of its respective subsidiaries or affiliated companies ("HOUSE FOODS"), and collectively with DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiff and all other current, former, or prospective employees of Defendants ("Class Members") for, among other things, alleged violations of the Fair Credit Reporting Act ("FCRA") and similar California laws.

2.       This is also a representative action brought pursuant to the Private Attorneys General Act of 2004 ("PAGA"), Labor Code § 2698, *et seq*., against HOUSE FOODS AMERICA CORPORATION, a California corporation, and any of its respective subsidiaries or affiliated companies within the State of California ("HF AMERICA"), and DOES 1 through 100, as further defined below, "Defendants") to recover civil penalties and any other relief available on behalf of Plaintiff, the State of California, and other current and former employees who worked for Defendants in California, within the Civil Penalty Period, as further defined herein, as employees and against whom one or more violations of any provision, as set forth in this complaint ("collectively aggrieved employees").

3.       Venue is proper in this Court because Defendants employ persons in this county, and thus a substantial portion of the transactions and occurrences related to this action occurred in this county. Code Civ. Proc. § 395. Plaintiff is informed and believes and thereon alleges that Defendants conduct business and employ aggrieved employees in Orange County;  the events complained of occurred in this county; this county is where the employment relationship began; this is the county in which performance of the employment contract, or part of it, between Plaintiff and Defendants was due to be performed as well as the county in which the employment contract, or part of it, between Plaintiff and Defendants was actually performed.

4.       Plaintiff is an "aggrieved employee" under PAGA, as Plaintiff was employed by

Defendants during the applicable statutory period and suffered one or more of the Labor Code violations set forth herein.  Accordingly, Plaintiff seeks to recover civil penalties under the Labor Code Private Attorneys General Act of 2004, codified at Labor Code section 2698, *et seq.* ("PAGA") plus reasonable attorneys' fees and costs, for Plaintiff and all other aggrieved current and former employees of Defendants during the Civil Penalty Period.

5.    Specifically, Plaintiff seeks to recover PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in, among other authorities, *Arias v. Superior Court* (2009) 46 Cal.4th 969.  According to the same authorities, class certification of the PAGA allegations described herein is not required.

6.    During the period beginning one (1) year preceding the provision of notice to the LWDA regarding the herein-described Labor Code violations (the "Civil Penalty Period"), Defendants violated, *inter alia*, Labor Code sections 432.7, and 432.8, among others.

7.    California Labor Code §§ 2698, *et seq.*, the "Labor Code Private Attorneys Generals Act of 2004" ("PAGA"), authorize aggrieved employees to sue as private Attorneys General their current or former employers for various civil penalties for violating the California Labor Code.

8.    On or around June 3, 2021, Plaintiff provided written notice pursuant to Labor Code section 2699.3 online and by certified mail, with return receipt requested, of Defendants' violation of various, including the herein-described, provisions of the Labor Code, to the LWDA, as well as by certified mail, with return receipt requested to Defendants, and each of them.

## <u>PARTIES</u>

### A.    <u>Plaintiff</u>

9.    Plaintiff, IRVING CARLOS ZUNIGA, is a resident of the State of California.  At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges that Defendants employed Plaintiff as an employee.  Plaintiff applied for work with Defendants in or about January of 2020 and stopped working for Defendants in or about March 2021.  At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, industrial machine maintenance and repair.

10.     Plaintiff is a natural person, and at all times relevant to this Complaint was a "consumer" as defined by the Fair Credit Reporting Act, at 15 U.S.C. § 1681a.

**B.     Defendants**

11.     Plaintiff is informed and believes and based thereon alleges that defendant HOUSE FOODS AMERICA CORPORATION ("HF AMERICA") is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of California and doing business in the County of Orange, State of California.

12.     Plaintiff is informed and believes Defendants are "persons" as those terms are defined under the FCRA at 15 U.S.C. § 1681a(b).

13.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes and based thereon alleges that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.  Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include HOUSE FOODS, and any of their parent, subsidiary, or affiliated companies within the State of California, as well DOES 1 through 100 identified herein.

**JOINT LIABILITY ALLEGATIONS**

14.     Plaintiff is informed and believes, and based thereon alleges that all of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and

representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

15.    Plaintiff is informed and believes that Defendants' policies regarding the disclosures, authorizations, background checks, and consumer reports mentioned herein were done for the benefit of all Defendants, and at times, expressly named in said disclosures, authorizations, background checks, and consumer reports.  As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are jointly liable for the violations that form the basis of this complaint.

## JURISDICTION

16.    Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.  Defendant removed this action to Federal Court and Defendant contends there is jurisdiction.

17.    Venue is proper in Orange County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, Orange County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiff and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiff and Defendants was actually performed; the unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the county and the State of California, and because Defendants employ numerous Class Members in Orange County and the State of California.

## FACTUAL BACKGROUND

18.    Plaintiff is informed and believes, and based thereon alleges that on or about January of 2020, Defendants purported to provide consumer report disclosures and requested from Plaintiff authorization to procure consumer reports and background checks for employment purposes.

19.    Plaintiff is informed and believes and based thereon alleges that on or around January

2020, Defendants, procured a consumer report from PeopleG2 about Plaintiff as part of an employment background screening without providing Plaintiff with the appropriate, applicable disclosures and without the appropriate, applicable authorization in compliance with state and federal laws.

20.     PeopleG2 provides "screening services for every business" that procures credit reports on behalf of employers, such as Defendants, that include "things like open lines of credit (mortgages and credit cards), outstanding balances, and student or auto loans . . . [as well as] late or missed payments, foreclosures, bankruptcies and collection accounts."

21.     The report Defendants procured from PeopleG2 about Plaintiff included Plaintiff's credit history as obtained from a third-party consumer reporting agency. This report included information regarding Plaintiff's outstanding balances and loans and payment history. This report also included information about Plaintiff's employment history. Thus, the report encompassed information bearing on Plaintiff's credit worthiness, credit standing, credit capacity, character, and reputation and was a "consumer report."

22.     Plaintiff is informed and believes and based thereon alleges that Defendants did not provide legally compliant disclosure and authorization forms to Plaintiff and Class Members as they failed to contain, among other things, a "clear and conspicuous" disclosure, made in writing prior to the report being procured or caused to be procured, in a document that consisted "solely" of the disclosure, that a consumer report may be obtained for employment purposes as well as an authorization, in writing, for the procurement of the report, which are in violation of 15 U.S.C. §§ 1681b(b)(2)(A) and 1681d(a).  Specifically, Plaintiff is informed and believes the disclosures did not comply as a result of, without limitation: including superfluous information within the disclosure, such as identifying information of third-party consumer reporting agencies, which may not have been the reporting agencies used to obtain or procure the consumer report for Plaintiff and Class members from a surplusage of other states; and/or failing to obtain proper authorization before procuring a consumer report, including by either obtaining consumer reports without authorization

or when such authorization had expired. Furthermore, Defendants' disclosures included state-specific disclosures and authorizations for applicants form New York, New York City, Washington, Minnesota, and Oklahoma, violating the requirement that the authorization consist "solely" of the disclosure. A true and correct copy of the applicable disclosure documents are attached hereto as Exhibit A.

23.    Specifically, Exhibit A states as follows:

> New York applicants only: Upon request, you will be informed whether or not a consumer report was requested by the Employer, and if such report was requested, informed of the name and address of the consumer reporting agency that furnished the report. You have the right to inspect and receive a copy of any investigative consumer report requested by the Employer by contacting the consumer reporting agency identified above directly. By signing below, you acknowledge receipt of Article 23-A of the New York Correction Law.
>
> New York City applicants only: You acknowledge and authorize the Employer to provide any notices required by federal, state or local law to you at the address(es) and/or email address(es) you provided to the Employer.
>
> Washington State applicants only: You also have the right to request from the consumer reporting agency a written summary of your rights and remedies under the Washington Fair Credit Reporting Act.
>
> Minnesota and Oklahoma applicants only: Please check this box if you would like to receive a copy of a consumer report if one is obtained by the Employer. [____]

Authorization shall be as valid as the original. The scope of this disclosure is all-encompassing, however, allowing the Company to obtain from any outside organization all manner of investigative consumer reports throughout the course of your employment to the extent permitted by law.

24.    In *Gilberg v. California Check Cashing Stores*, LLC, 913 F.3d 1169 (9th Cir. 2019), which provided further analysis in conjunction with *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017), the Ninth Circuit held as follows:

> "Consistent with Syed, we now hold that a prospective employer violates FCRA's standalone document requirement by including extraneous information relating to various state disclosure requirements in that disclosure. We also hold that the disclosure at issue here is conspicuous but not clear."
>
> CheckSmart contends Syed is not applicable here, because the surplusage in Syed was a liability waiver, which did "not comport with the FCRA's basic purpose" because it pulled "the applicant's attention away from his privacy rights protected by the FCRA by calling his attention to the rights he must forego if he signs the document." Id. at 502. CheckSmart argues its disclosure is distinguishable because all of the extraneous information consists of other, state mandated disclosure information, which furthers rather than undermines FCRA's purpose. We disagree.

Syed's holding and statutory analysis were not limited to liability waivers; Syed considered the standalone requirement with regard to any surplusage. See id. at 501. Syed grounded its analysis of the liability waiver in its statutory analysis of the word "solely," noting that FCRA should not be read to have implied exceptions, especially when the exception – in that case, a liability waiver – was contrary to FCRA's purpose. See id. at 501– 03. Syed also cautioned "against finding additional, implied exceptions" simply because Congress had created one express exception. Id. at 501.2 Consistent with Syed, we decline CheckSmart's invitation to create an implied exception here.

Although CheckSmart contends its disclosure form is consistent with the congressional purpose of FCRA because it helps applicants understand their state and federal rights, purpose does not override plain meaning. As Syed explained, congressional intent "has been expressed in reasonably plain terms" and "that language must ordinarily be regarded as conclusive." Id. at 500 (quoting Griffin, 458 U.S. at 570). The ordinary meaning of "solely" is "[a]lone; singly" or "[e]ntirely; exclusively." The American Heritage Dictionary of the English Language 1666 (5th ed. 2011). Because CheckSmart's disclosure form does not consist solely of the FCRA disclosure, it does not satisfy FCRA's standalone document requirement. CheckSmart, moreover, fails to explain how the surplus language in its disclosure form comports with FCRA's purpose. Its disclosure refers not only to rights under FCRA and under ICRAA applicable to Gilberg, but also to rights under state laws inapplicable to Gilberg and to extraneous documents that are not part of the FCRA-mandated disclosure – e.g., a "Notice Regarding Background Investigation" and a "Summary of Your Rights Under the Fair Credit Reporting Act." Because the presence of this extraneous information is as likely to confuse as it is to inform, it does not further FCRA's purpose.

…

CheckSmart's disclosure form is not reasonably understandable for two distinct reasons. First, the disclosure form contains language that a reasonable person would not understand. It says: The scope of this notice and authorization is all-encompassing; however, allowing CheckSmart Financial, LLC to obtain from any outside organization all manner of consumer reports and investigative consumer reports now and, if you are hired, throughout the course of your employment to the extent permitted by law. The beginning of this sentence does not explain how the authorization is all-encompassing and how that would affect an applicant's rights. The second half of the sentence, following the semicolon, lacks a subject and is incomplete. It suggests that there may be some limits on the all encompassing nature of the authorization, but it does not identify what those limits might be. Second, the disclosure would confuse a reasonable reader because it combines federal and state disclosures. The disclosure, for example, states: "New York and Maine applicants or employees only: You have the right to inspect and receive a copy of any investigative consumer report requested by CheckSmart Financial, LLC by contacting the consumer reporting agency identified above directly." A reasonable reader might think that only New York and Maine applicants could contact the consumer reporting agency to get a copy of the report. Such an

understanding would be contrary to both FCRA and ICRAA. See 15 U.S.C. § 1681m(3)–(4); Cal. Civ. Code § 1786.22. We hold, therefore, that the district court erred by deeming CheckSmart's disclosure form clear.

25.      Exhibit A contains a nearly verbatim disclosure in two key areas, both of which were unlawful by the Ninth Circuit in *Glberg*.  The highlighted language from Gilbert above is nearly verbatim to the language in the disclosures in Plaintiff's background check authorization form. Accordingly, for similar reasons as stated by the Ninth Circuit, Defendant's background check disclosures are not "clear" or "conspicuous" within the requirements of the FCRA.  The form is also not reasonably understandable for the same reasons as held by the Ninth Circuit in Gilberg because it too contains the same extraneous information about state law disclosures that does not apply to Plaintiff, who was a California employee.   This language is highlighted above as well for comparison purposes.

26.      Defendants' failure to provide a legally compliant disclosure and authorization form deprived Plaintiff of meaningfully authorization the procurement of a consumer report because it improperly confused Plaintiff about the purpose of the form and obscured Plaintiff's rights. Plaintiff had a substantive right to information and the right to privacy guaranteed by Section 1681b(b)(2)(A)(i)-(ii) which was denied by Defendants' failure. *See, e.g., Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 782 n.3 (9th Cir. 2018); *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1274 (9th Cir. 2019)). Defendants' failure to accommodate that right constitutes a concrete injury.

27.      Defendants' violation of FCRA was willful and/or reckless because the Ninth Circuit had specifically ruled that this language was non-complaint in 2019 in *Gilberg v. California Check Cashing Stores*, LLC, 913 F.3d 1169 (9th Cir. 2019) and in 2017 in *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017). In drafting and preparing the authorizations attached as Exhibit A, Defendants consulted with lawyers who were knowledgeable and sophisticated in the area of employment law, including the requirements for obtaining disclosures. Despite this and despite there being binding case law stating that the language used in their authorization forms were inadequate as of 2017, Defendants did use and continued to use this inadequate disclosure language in obtaining authorizations from potential employees, such as Plaintiff, including in 2020 when they had Plaintiff

1    sign the authorization.

2        28.    To the extent Defendants' interpretation of the law provided for it to use language

3    explicitly rejected by the Courts in *Gilberg* and *Syed*, such interpretation is objectively unreasonable

4    given those two decisions are not unclear about the requirements for obtaining authorization. Thus,

5    Defendants' use of non-compliant language was willful as well as reckless.

6        29.    At all times herein mentioned, Plaintiff and aggrieved employees were employees of

7    Defendants in the State of California. As such, Plaintiff and aggrieved employees were the type of

8    persons contemplated by the California Labor Code, and said laws and regulations were intended to

9    apply to Defendants and to prevent the type of injury and damage alleged herein.

10        30.    On information and belief, and at all relevant times, Defendants had and have a

11    practice or policy of conducting unlawful background checks on prospective and current employees

12    prior to making a conditional offer. Plaintiff is informed and believes, and based thereon alleges,

13    that Defendant violated applicable laws by, without limitation: requiring applicants for employment

14    to disclose information concerning an arrest or detention that did not result in conviction or

15    information concerning a referral to and participation in any pretrial or posttrial diversion program

16    concerning a conviction that ha bee judicially dismissed or ordered sealed pursuant to law; requiring

17    applicants for employment to disclose information concerning an arrest, detention, processing,

18    diversion, supervision, adjudication, or court disposition that occurred while the person was subject

19    to the jurisdiction of the juvenile courts; requiring applicants for employment to disclose information

20    concerning a conviction for the Health and Safety Code as they related to marijuana; seeking records

21    of arrest or detention that did not result in conviction or records regarding a referral to and

22    participation in a pretrial or posttrial diversion program or concerning a conviction that had been

23    judicially dismissed or ordered sealed and utilizing that information as a factor in a condition of

24    employment; seeking records concerning an arrest, detention, processing, diversion, supervision,

25    adjudication, or court disposition that occurred while the person was subject to the jurisdiction of

26    the juvenile courts and utilizing that information as a factor in a condition of employment; and

27    seeking records of convictions for the Health and Safety Code as they related to marijuana and

28    utilizing that information as a factor in a condition of employment.

## CLASS ACTION ALLEGATIONS

31.    Plaintiff brings this action on behalf of himself and all others similarly situated, as a class action pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current, former, and prospective employees of Defendants who applied for a position with Defendants and had a background check performed beginning two (2) years preceding the filing of Plaintiff's complaint up until the date that final judgment is entered in this action (collectively referred to as "Background Check Class Members").

32.    This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

33.    Pursuant to Code of Civil Procedure section 382, Plaintiff also seeks to represent a class of all current and former employees of Defendants in the State of California who applied for a position with Defendants and had a background check performed beginning four (4) years preceding the filing of Plaintiff's complaint up until the date that final judgment is entered in this action (collectively referred to as "BTB Class Members").

34.    The Background Check Members and BTB Class Members are referred to herein collectively as the "Class Members." Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

### A.    Numerosity

35.    The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are at least seventy-five (75) Class Members within the State of California.

36.    Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

**B.**    <u>Commonality</u>

37.    There are questions of law and fact common to Class Members.  These common questions include, but are not limited to:

(a)    Whether Defendants failed to comply with the requirements of the FCRA under 15 U.S.C. § 1681, *et seq.*, including by failing to include the proper disclosures and proper authorizations required by law?

(b)    Whether Defendants willfully failed to comply with the FCRA?

(c)    Did Defendants violate Labor Code sections 432.7 and 432.8 by asking Class Members to disclose information concerning an arrest or detention that did not result in conviction, prior to an offer of employment?

(d)    Did Defendants violate Labor Code sections 432.7 and 432.8 by asking Class Members to disclose information concerning a referral to, and participation in, any pretrial or posttrial diversion program, prior to an offer of employment?

(e)    Did Defendants violate Labor Code sections 432.7 and 432.8 by asking Class Members to disclose information concerning a conviction that has been judicially dismissed or ordered sealed pursuant to law, prior to an offer of employment?

(f)    Did Defendants violate Labor Code sections 432.7 and 432.8 by seeking or utilizing as a factor in determining any condition of employment any record of arrest or detention that did not result in a conviction?

(g)    Did Defendants violate Labor Code sections 432.7 and 432.8 by seeking or utilizing as a factor in determining any condition of employment any record regarding a referral to, and participation in, any pretrial or posttrial diversion program?

(h)    Did Defendants violate Labor Code sections 432.7 and 432.8 by seeking or utilizing as a factor in determining any condition of employment any record

12

concerning a conviction that has been judicially dismissed or ordered sealed pursuant to law?

(i)    Did Defendants violate Labor Code sections 432.7 and 432.8 by asking Class Members to disclose information concerning or related to an arrest, detention, processing, diversion, supervision, adjudication, or court disposition that occurred while the person was subject to the process and jurisdiction of the juvenile court?

(j)    Did Defendants violate Labor Code sections 432.7 and 432.8 by seeking or utilizing as a factor in determining any condition of employment any record concerning or related to an arrest, detention, processing, diversion, supervision, adjudication, or court disposition that occurred while a person was subject to the process and jurisdiction of the juvenile court?

(k)    Did Defendants intentionally violate Labor Code sections 432.7 and/or 432.8?

(l)    Are Class Members entitled to costs and attorneys' fees?

(m)    Are Class Members entitled to actual damages?

(n)    Are Class Members entitled to punitive damages?

(o)    Are Class Members entitled to interest?

**C.    Typicality**

38.    The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.  Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.    Adequacy of Representation**

39.    Plaintiff will fairly and adequately represent and protect the interest of Class Members.  Counsel who represents Plaintiff is competent and experienced in litigating class actions and has no interests adverse to, or otherwise conflict with, the interests of the absent Class Members.

E.      **Superiority of Class Action**

40.      A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members.  Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' illegal policy and/or practices, that have resulted in the violation of state and federal statutory authority.

41.      Class action treatment will allow those similarly situated to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**

**(Violation of the Fair Credit Reporting Act – Against All Defendants)**

42.      Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth hereat.

43.      Defendants are "persons" as defined by section 1681a(b) of the FCRA;

44.      Plaintiff and Class Members are "consumers" within the meaning of Section 1681a(c) of the FCRA because they are "individuals."

45.      Pursuant to 15 U.S.C. section 1681b(b)(2)(A), an employer may not procure, or cause to be procured, consumer reports for employment purposes without providing the [employee] with "a clear and conspicuous disclosure… made in writing… in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes" and which the consumer has "authorized in writing" the procurement of the report by that person.

46.      Pursuant to FCRA, a company's inclusion of extraneous information relating to various state disclosure requirements violates FCRA's standalone document requirement. *Gilberg v. California Check Cashing Stores, LLC, 913 F. 3d 1169.*  Offending language includes language

1    that is not necessary to clearly and conspicuously advise an applicant or employee of FCRA rights,

2    should be excluded.

3

4        47.        Plaintiff is informed and believes, and based thereon alleges, that during the relevant

5    time periods alleged herein, Defendants have, at times, obtained and used information in consumer

6    reports to conduct background checks on prospective and existing employees which failed to comply

7    with the "standalone" document and "clear and conspicuous" requirements under the FCRA because

8    they, among other things, included superfluous information within the disclosure, such as

9    identifying information of a third party consumer reporting agency, which may not have been the

10   reporting agency used to obtain or procure the consumer report for Plaintiff and Class Members

11   and/or failed to obtain proper authorization before procuring a consumer report, including by either

12   obtaining consumer reports without authorization or when such authorization had expired.

13   Specifically, Defendants authorization forms included detailing information applicable to New York

14   State, New York City, Washington State employees, Minnesota State, and Oklahoma State

15   applicants.

16

17

18       48.        Plaintiff is informed and believes, and based thereon alleges, that Defendants'

19   violations of the FCRA were willful.  Defendant knew or should have known about its obligations

20   under the FCRA as a result of the plain language of the statutes.

21       49.        Plaintiff, on behalf of himself and Class Members, seeks all statutory remedies

22   available under the FCRA, including statutory penalties, actual damages, punitive damages, and

23   attorneys' fees and costs pursuant to, without limitation, 15 U.S.C. §§ 1681n.

24                    **SECOND CAUSE OF ACTION**

25          **(Violation of Labor Code § 432.7 – Against All Defendants)**

26       50.        Plaintiff re-alleges each and every allegation set forth in the preceding paragraphs

27   and incorporates each by reference as though fully set forth hereat

28

51.     At all times mentioned herein, California Labor Code sections 432.7, subdivision (a)(1) has stated prospective employers "shall not ask an applicant for employment to disclose ... information concerning an arrest or detention that did not result in conviction, or information concerning a referral to, and participation in, any pretrial or posttrial diversion program, or concerning a conviction that has been judicially dismissed or ordered sealed pursuant to law....[and] also shall not seek from any source whatsoever, or utilize, as a factor in determining any condition of employment including hiring, promotion, termination, or any apprenticeship training program or any other training program leading to employment, any record of arrest or detention that did not result in conviction, or any record regarding a referral to, and participation in, any pretrial or posttrial diversion program, or concerning a conviction that has been judicially dismissed or ordered sealed pursuant to law . . . ."

52.     At all times mentioned herein, California Labor Code sections 432.7, subdivision (a)(2) has stated prospective employers "shall not ask an applicant for employment to disclose, through any written form or verbally, information concerning or related to an arrest, detention, processing, diversion, supervision, adjudication, or court disposition that occurred while the person was subject to the process and jurisdiction of the juvenile court. An employer also shall not seek from any source whatsoever, or utilize, as a factor in determining any condition of employment including hiring, promotion, termination, or any apprenticeship training program or any other training program leading to employment, any record concerning or related to an arrest, detention, processing, diversion, supervision, adjudication, or court disposition that occurred while a person was subject to the process and jurisdiction of the juvenile court."

53.     At all times mentioned herein, California Labor Code section 432.8 is incorporated into California Labor Code section 432.7 and restricts asking applications to disclose and seeking o considering as a factor in employment "a conviction for violation of subdivision (b) or (c) of Section 11357 of the Health and Safety Code or a statutory predecessor thereof, or subdivision (c) of Section 11360 of the Health and Safety Code, or Section 11364, 11365, or 11550 of the Health and Safety Code as they related to marijuana prior to January 1, 1976, or a statutory predecessor thereof, two years from the date of such a conviction."

54.       Pursuant to Labor Code section 432.7, subdivision (c), any person who violates this section may be subject to "actual damages or two hundred dollars ($200), whichever is greater, plus costs, and reasonable attorney's fees. An intentional of violation of this section shall entitle the applicant to treble actual damages, or five hundred dollars ($500), whichever is greater, plus costs, and reasonable attorney's fees…"

55.       Defendants violation of California Labor Code section 432.7 was intentional and thus Plaintiff seeks, on behalf of himself and the Class, statutory damages of $200 to $500 plus reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION

**(Civil Penalties Under the Private Attorneys' General Act (2004) – Against All Defendants)**

56.       Plaintiff re-alleges each and every allegation set forth in the preceding paragraphs and incorporates each by reference as though fully set forth hereat.

57.       Pursuant to Labor Code section 2699, subdivision (a), notwithstanding any other provision of law, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code section 2699.3.

58.       Pursuant to Labor Code section 2699, subdivision (f), for all provisions of the Labor Code except those for which a civil penalty is specifically provided, the established civil penalty for a violation of those provisions is as follows: if, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

59.       During the relevant time period, Plaintiff is informed and believes and thereon alleges that Defendants had and has a practice or policy of conducting unlawful background checks on prospective and current employees as part of their employment. Plaintiff is informed and believes, and based thereon alleges, that Defendant violated applicable laws by, without limitation:

17

requiring applicants for employment to disclose information concerning an arrest or detention that did not result in conviction or information concerning a referral to and participation in any pretrial or posttrial diversion program concerning a conviction that ha bee judicially dismissed or ordered sealed pursuant to law; requiring applicants for employment to disclose information concerning an arrest, detention, processing, diversion, supervision, adjudication, or court disposition that occurred while the person was subject to the jurisdiction of the juvenile courts; requiring applicants for employment to disclose information concerning a conviction for the Health and Safety Code as they related to marijuana; seeking records of arrest or detention that did not result in conviction or records regarding a referral to and participation in a pretrial or posttrial diversion program or concerning a conviction that had been judicially dismissed or ordered sealed and utilizing that information as a factor in a condition of employment; seeking records concerning an arrest, detention, processing, diversion, supervision, adjudication, or court disposition that occurred while the person was subject to the jurisdiction of the juvenile courts and utilizing that information as a factor in a condition of employment; and seeking records of convictions for the Health and Safety Code as they related to marijuana and utilizing that information as a factor in a condition of employment all to the determinant of Plaintiff and Aggrieved Employees.

60.     As a direct and proximate result of the herein-described Labor Code violations, Plaintiff and other aggrieved employees are entitled to recover attorney's fees, and civil penalties from Defendants pursuant to Labor Code sections 2699(f)(2).

## **DEMAND FOR JURY TRIAL**

61.    Plaintiff demands a trial by jury on all causes of action contained herein.

## **PRAYER**

WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for judgment against Defendants as follows:

A.  An order certifying this case as a Class Action;

B.  An Order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C.  For penalties pursuant to Labor Code sections 432.7 and 432.8;

D.  For all penalties permitted by Labor Code section 2698, et seq.;

E.  Punitive damages;

F.  Statutory penalties;

G.  Declaratory relief;

H.  Injunctive relief;

I.  For attorneys' fees in prosecuting this action;

J.  For interest accrued to date;

K.  Costs of suit incurred herein; and

L.  For such other relief as the Court deems just and proper.

Dated: May 6, 2024                    BIBIYAN LAW GROUP, P.C.

BY:  _Vedang J. Patel_____
     VEDANG J. PATEL
     Attorneys for Plaintiff IRVING CARLOS ZUNIGA,
     on behalf of himself and all others similarly situated
     and aggrieved