UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVING CARLOS ZUNIGA, on behalf of himself and all others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>HOUSE FOODS AMERICA CORPORATION, a California corporation, HOUSE FOODS HOLDING USA INC., a California corporation, and DOES 1-100, inclusive,<br><br>　　　Defendants. | Case No. 8:22-cv-00372-JWH-JDEx<br><br>**JUDGMENT** |

Pursuant to the "Order Regarding Plaintiffs' Motions for Final Approval of Class Action Settlement [ECF No. 61] & Attorneys' Fees [ECF No. 63]" entered substantially contemporaneously herewith,

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. This Court possesses subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332(d).

2. Fictitiously named Defendants Does 1-100 are **DISMISSED**.

3. The proposed settlement as reflected in the settlement agreement, establishing a settlement fund of $75,000, is **APPROVED**. A portion of those funds—specifically $5,000—is allocated for the Private Attorneys General Act claim.

4. The following settlement classes are **CERTIFIED**:

    **FRCA Class**: which includes all current, former, and prospective employees of House Foods who applied for a position with House Foods and had a Background Check performed during the period from October 15, 2019, through June 16, 2023;

    **BTB Class**: all current and former employees of House Foods in the State of California who applied for a position with House Foods and had a Background Check performed during the period from November 19, 2018, through June 16, 2023; and

    **Aggrieved Employees Class**: all current and former employees of House Foods in the State of California who applied for a position with House Foods and had a Background Check performed during the period from March 30, 2020, through June 16, 2023.

5. Plaintiff Irving Carlos Zuniga is **APPOINTED** as the representative of the settlement class.

6. Zuniga is **AWARDED** $5,000 as a service award for serving as class representative.

7. Class Counsel are **AWARDED** attorneys' fees in the amount of $32,499.92 and the reimbursement of litigation expenses in the amount of $14,250.41.

8. The Court-appointed settlement administrator, Phoenix Settlement Administrators, is **AWARDED** $8,500 in administration costs.

9. The service award and the administration costs in this action are **DIRECTED** to be made from the settlement fund, and the released parties as described in the Settlement Agreement shall have no liability or responsibility for the payment of the service award, or the administration costs. The released parties' only and total liability is the settlement fund.

10. The attorneys' fees and litigation costs in this action are **DIRECTED** to be paid from the separate $120,000 fund, the remainder of which is **DIRECTED** to be added to the net settlement fund for distribution among class members.

11. The Settlement Agreement is **APPROVED** as fair, reasonable, and adequate as to, and in the best interests of, settlement class members; the parties and their counsel are **DIRECTED** to implement and consummate the agreement according to its terms and provisions; and the Settlement Agreement is **DECLARED** to be binding on, and to have preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Zuniga and the class.

12. To the extent permitted by law and without affecting the other provisions of this Judgment, this Judgment is intended by the parties and the Court to be *res judicata* and to prohibit and preclude any prior, concurrent, or subsequent litigation brought individually, or in the name of, or otherwise on behalf of the settlement class or its members with respect to any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts,

liabilities, agreements, costs, expenses, or losses arising out of or relating to the claims released under the Settlement Agreement.

13. All persons who are members of the settlement class are bound by this Judgment and are enjoined from instituting, maintaining, prosecuting, or enforcing, either directly or indirectly, any claims discharged by the Settlement Agreement.

14. The Court **RETAINS** continuing jurisdiction over this action with respect to the following matters:

    a. the enforcement of the terms of the Settlement Agreement;

    b. issues relating to settlement administration; and

    c. the enforcement of this Judgment and any order relating to attorneys' fees or expenses, the class representative service award, or administration costs.

15. Other than potential post-judgment remedies, to the extent that any party requests any other form of relief, such request is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 8, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE